FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 27 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket Numbers:

-----------------------------------------------------------X
WILLIAM FOWKLES,

                Plaintiff,                       **COMPLAINT**

        -against-

NEWBRIDGE SECURITIES CORPORATION AND DANA DAVIS

                Defendants.
-----------------------------------------------------------X

CV-14 5074

FEUERSTEIN, J

BROWN, M. J.

      Plaintiff, by his attorney, JACK ANGELOU, as and for his Amended Complaint, alleges as follows, upon information and belief:

### JURISDICTION

    1.    This action is brought pursuant to diversity jurisdiction and under Statutory and Common Law and other United States Code Sections, Laws, Statutes, Ordinances, Regulations, Rules regarding securities law, federal law regarding financial adviser fraud and other Federal Law including but not limited to 29 U.S.C. §651 et seq. (OSHA). Jurisdiction is based on 28 U.S.C. §1331 (federal question based on SEC Law, FINRA Law and other Federal Law Both Defendants also maintain sufficient contacts and conduct business in the State of New York to be subjected to jurisdiction in the State of New York. This action is in compliance with New York statutory law. Pendent jurisdiction regarding common law New York contract law is also pled.

    2.    Plaintiff alleges that venue is proper in this district pursuant to 28 U.S.C. §1391. That venue is appropriate by virtue of the both named defendants are doing business in the State of New York

3. That if necessary the Plaintiff will bring an action in Supreme Court of the State of New York, Richmond County against Defendant Value City.

4. That Defendant Value City will may then bring third party claims against the defendants in that proposed action.

## PARTIES

5. Plaintiff, WILLILAM FOWKLES, is and was at all times relevant herein, a citizen of the United States, State of New York, residing in Baldwin, NY, County of Nassaui, State of New York.

6. Defendant NEWBRIDGE SECURITIES CORPORATION, is a corporation, duly organized, incorporated and existing under the laws of the States of New York.

7. Defendant NEWBRIDGE SECURITIES. is a foreign corporation authorized to do business in the State of New York.

8. Defendant NEWBRIDGE SECURITIES is a limited liability partnership duly organized, and/or incorporated and existing under the laws of the States of New York.

9. Defendant NEWBRIDGE SECURITIES is a limited liability corporation, a business entity duly organized, and/or incorporated and existing under the laws of the States of New York.

10. Defendant NEWBRIDGE SECURITIES is some type of business entity, duly organized, and existing under the laws of the State of Florida

11. Defendant NEWBRIDGE SECURITIES is some type of business entity, duly organized, and existing under the laws of one of the States of the United States of America.

12. Defendant NEWBRIDGE SECURITIES. maintains sufficient contacts with the State of New York subjecting itself to jurisdiction in the State of New York.

13. That each defendant had notice of the other defendant's negligent and fraudulent actions.

14. That the plaintiff did not realize that the defendants were charging excessive commissions.

15. That the plaintiff did not realize that the defendants were churning his accounts causing his accounts to dwindle.

16. That Defendants churned several of the plaintiff's accounts including the REIT account.

17. That defendants did not provide the commission and account information to the defendant in a timely manner despite the plaintiff's constant demands for same.

18. That as of July 15, 2014, the defendant never provided the plaintiff with the REIT account information despite the plaintiff's numerous demands.

19. That Defendant DANA DAVIS is a resident of NY State, residing either in Nassau County or Suffolk County.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:**

20. On 2010 to 2014, plaintiff WILLILAM FOWKLES was an client of both defendants.

21. That both Defendants were in the financial planning and in the business of Stock trade.

22. That both Defendants had a fiduciary duty to clients including but not limited to the plaintiff named herein to provide safety measures to insure that the plaintiff's financial investment was safe and secure

23. That one of the safety measures was that the Defendants NEWBRIDGE was supposed to have a compliance officer watching and monitoring Defendant DANA DAVIS's stock trade activities.

24. That at the time that the Defendants were supposed to employ other safety Measures for the Plaintiff.

25. That the Defendants and their the agents of permitted the Plaintiff's accounts to be traded excessively and to be churned.

26. That the Defendants and their agents purposely and negligently overcharged the plaintiff with excessive commissions..

27. That said acts constituted a breach of the defendants' duties to provide the plaintiff with a safe investment for his financial accounts.

28. That said acts committed by defendants were negligent acts.

29. That as a result of all the negligent acts committed by all of the defendants herein, the plaintiff was financially damaged.

30. As a direct and proximate result of defendants' negligence and/or carelessness, the plaintiff WILLILAM FOWKLES, suffered severe economic loss, which include economic loss.

WHEREFORE, the plaintiff WILLILAM FOWKLES demands judgment against defendant for damages in the amount to be determined by the Jury of this Honorable Court, together with interest, costs of suit, and any further relief this Court deems just.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

31. Plaintiff repeats and reiterates each of the forgoing allegations set forth in paragraphs numbered "1" through "30" of the Complaint with the same force and effect as if fully set forth herein.

32. The Churning that is alleged in this case was a type of investment or securities fraud in this case. It is defined by the Securities and Exchange Commission (SEC) as "excessive buying and selling of securities in a customer's account chiefly to generate commissions that benefit the broker. The broker and the brokerage in this matter, had control over the client's accounts or the client's investment decisions in order for thus creating the churning cause of action.

33. These Churning acts were in direct violation of a broker's fiduciary duty to a client and resulted in significant financial losses to the plaintiff.

34. The plaintiff alleges that that the number of trades was excessive, given his investment profile and objectives.

35. The investor gave the broker and his employer control over the accounts in question.

36. The Plaintiff investor has proof that the broker and company investors acted with willful or negligent disregard for the investor's best interests or intentionally defrauded the investor.

37. That as a result of the foregoing plaintiff WILLILAM FOWKLES sustained excessive financial loss..

WHEREFORE, the plaintiff WILLILAM FOWKLES demands judgment against the defendants in a sum to be determined by the jury of this matter, for damages, together with interest, costs of suit, and any further relief this Honorable Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

38. Plaintiff repeats and reiterates each of the forgoing allegations in paragraphs numbered "1" through "37" of the Complaint as if more fully set forth at length herein.

39. That by reason of the acts of the defendants as aforesaid, the said defendants violated the law as defined by The Financial Industry Regulatory Authority (FINRA) in that the mishandling of plaintiff's accounts meant that it would have had to generate significant returns of just for him to break even.

40. The FINRA violations includes compensatory damages, plus interest until the award is paid in full.

41. The FINRA violations also includes punitive damages

42. The FINRA violations also includes attorneys' fees.

43. The FINRA violations stem from the fact that this plaintiff was an Investors that relied upon his broker, financial advisor and NEWBRIDGE to make recommendations and decisions that would forward his investment objectives, not lead to him to financial ruin.

44. That Defendant DANA DAVIS acting as the broker and NEWBRIDGE SECURITIES acting as the brokerage firms take part in churning, they are acted in their own interests as opposed to the best interests of their customer.

45. Additionally the defendants are further culpable in that because they are generally paid on a commission basis for their services, because of their increasing the number of trades in client's accounts increased their commissions.

46. This violates FINRA Rule 2111 related to quantitative suitability, which requires a broker to ensure that the number of transactions carried out are suitable for the client and are in his or her best interests.

47.   Suitability applies not only to the type of investment but the number of transactions as well. In the case at bar, the number of trades were excessive.

48.   In the case at bar, the defendants violated rules of churning and Churning is considered a type of securities fraud under the Securities Exchange Act of 1934 and also violates SEC Rule 15c1-7, and other Securities laws.

49.   That as a result of the foregoing Plaintiff WILLILAM FOWKLES sustained financial loss

Wherefore that by reason of the foregoing, the Plaintiff has been damaged in the amount a sum to be determined by the jury of this matter.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

50.   Plaintiff repeats and reiterates each of the forgoing allegations contained in paragraphs numbered "1" through "49" of the Complaint with the same force and effect as if set forth at length herein.

51.   That the Defendants committed other fraudulent acts.

52.   That as a result of the foregoing plaintiff WILLILAM FOWKLES financial loss.

Wherefore that by reason of the foregoing, the Plaintiff has been damaged in the amount a sum to be determined by the jury of this matter.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

53.   Plaintiff repeats and reiterates each of the forgoing allegations contained in paragraphs numbered "1" through "52" of the Complaint with the same force and effect as if fully set forth at length herein.

54. That by reason of the defendants' acts, punitive damages are appropriate.

55. That as a result of the foregoing Plaintiff WILLILAM FOWKLES sustained financial loss

Wherefore that by reason of the foregoing, the Plaintiff has been damaged in the amount a sum to be determined by the jury of this matter.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

56. Plaintiff repeats and reiterates each of the forgoing allegations set forth in paragraphs numbered "1" through "55" of the Complaint with the same force and effect as if fully set forth herein.

57. That by reason of the negligence of the defendants as aforesaid, the said defendants violated other sections of Statutory Law of the State of New York.

58. That as a result of the foregoing plaintiff WILLILAM FOWKLES sustained Financial injuries to all to his damage in the sum of to be determined by a jury of this matter.

Wherefore that by reason of the foregoing, the Plaintiff has been damaged in the amount a sum to be determined by the jury of this matter.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

59. Plaintiff repeats and reiterates each of the forgoing allegations set forth in paragraphs numbered "1" through "58" of the Complaint with the same force and effect as if fully set forth at length herein.

60. That by reason of the acts of the defendants as aforesaid, that attorney's fees are appropriate due to the statutory violations.

## AS AND FOR A EIGHT CAUSE OF ACTION AGAINST ALL DEFENDANTS

60. Plaintiff repeats and reiterates each of the forgoing allegations set forth in paragraphs numbered "1" through "60" of the Complaint with the same force and effect as if fully set forth at length herein.

61. That by reason of the acts of the defendants are in breach of contract are to be determined in this matter.

**WHEREFORE**, Plaintiff requests that this Court enter judgment for Plaintiff and against all of the Defendants on all causes of action and that the Court:

a. Award compensatory damages against the Defendants in the Causes of Action numbered one through eight, and each of them, in the amount in a sum to be determined by the jury of this matter and for Cause of Action seven to be determined by Your Honor.

b. Award costs of this action, including litigation fees to the Plaintiff; and

c. Award such other and further relief as the Court deems just and proper.

### DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Yours, etc.

JACK ANGELOU (JA 3369)
Attorney at Law
Attorney for Plaintiff
145 Willis Avenue
Mineola, NY 11501
(516) 248-375

**DATED: MINEOLA, NEW YORK**
**July 15, 2014.**

## VERIFICATION

WILLIAM FOWKLES, states that I am the plaintiff in the within action; I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records and memoranda in my file, together with my own my personal knowledge of the facts and circumstances of the case. I make this verification because my client does not reside in the County where I maintain my practice.

To the best of my knowledge, I swear that the foregoing statements are true, under the penalties of perjury.

DATED: New York, New York
July 14, 2014

_____
WILLIAM FOWKLES

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**Docket No:**

-------------------------------------------------------X

WILLIAM FOWKLES,

                Plaintiff,                  **COMPLAINT**

            -against-

NEWBRIDGE SECURITIES CORPORATION
AND DANA DAVIS,

                Defendants.
-------------------------------------------------------X
**COMPLAINT AND JURY DEMAND IN A CIVIL ACTION**

-------------------------------------------------------X

CERTIFICATION REQUIREMENT

LAW OFFICE OF JACK ANGELOU
145 Willis Avenue, 2nd floor
Mineola, New York 11501
(516) 248-3750 – Office
(516) 248-3744 – Facsimile